# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2022

Lyle W. Cayce
Clerk

No. 21-60376
Summary Calendar

---

Amadeo Chaj-Perez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 520 427

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:[*]

Amadeo Chaj-Perez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the denial of his application for cancellation of removal and the denial of his request for a remand. He contends that he demonstrated that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60376

his removal would cause exceptional and extremely unusual hardship to his son and that the BIA abused its discretion in denying his request for a remand. While he also argues that the immigration judge lacked jurisdiction to order him removed because the notice to appear was defective, this claim is unexhausted and therefore we lack jurisdiction to address it. *See Flores-Abarca v. Barr*, 937 F.3d 473, 478 (5th Cir. 2019).

Despite Chaj-Perez's assertions to the contrary, the consequences facing his son if he were removed are not "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Guerrero Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021) (quoting *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001)). Because there is nothing in the record compelling a finding that his son would suffer exceptional and extremely unusual hardship, substantial evidence supports the determination that he was ineligible for cancellation of removal. *See Guerrero Trejo*, 3 F.4th at 774.

While he also argues that he is entitled to a remand because he has newly discovered evidence regarding the COVID-19 pandemic in Guatemala and the degree of poverty the country suffers from, the BIA did not abuse its discretion in denying a remand on this basis because the mother of his child explicitly testified that their son would remain in the United States and not return to Guatemala with Chaj-Perez. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Accordingly, the petition for review is DISMISSED in part and DENIED in part.